

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NOS. 02-11-00025-CR**
**02-11-00026-CR**

ANTHONY MONTERRAL DAVIS                      APPELLANT
A/K/A ANTHONY M. DAVIS

V.

THE STATE OF TEXAS                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Anthony Monterral Davis was indicted in July 2005, for possession of a controlled substance, one to four grams, with intent to deliver. While on bond in that case, Appellant committed possession of a controlled substance, four to two-hundred grams, and was indicted in October 2006. On December 17, 2007, Appellant entered an open plea of guilty in each of these

---

[1]*See* Tex. R. App. P. 47.4.

second-degree felony cases. The trial court deferred adjudication and assessed ten years' community supervision in each case. The State filed the first petition to proceed to adjudication in each case less than eight months later. The petition in each case was amended twice before the December 13, 2010 hearing on the petitions.

At the hearing before the same judge who originally granted Appellant deferred adjudication, Appellant pleaded "True But" to allegations that he failed to report to the community supervision and corrections department from April 2008 through July 2010, and that he twice failed to submit to assessments for substance abuse as ordered. Appellant pleaded true to these allegations without a plea bargain agreement and acknowledged to the court that he understood he could receive up to twenty years, if revoked, in each case.

The State rested on Appellant's pleas of true. Appellant testified and called his grandmother and cousin as witnesses. At the conclusion of the hearing, the trial court found both allegations to be true. The court further found Appellant guilty in each case and assessed his sentence in each case at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, to run concurrently.

Appellant filed a timely pro se notice of appeal in each case. Thereafter, the trial court appointed counsel for Appellant on appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. We gave Appellant the opportunity to file a pro se brief in each case, and he has done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Appellant's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also*

*Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GABRIEL, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 22, 2011